The Honorable Scott Ferguson State Representative 200 South Rhodes, Suite B West Memphis, Arkansas 72301
Dear Representative Ferguson:
This is in response to your request for an opinion on the following question:
 If city employees are told when hired that they will receive a pension after a designated term of employment with the city, and if the provisions for receiving a pension are set forth by city ordinance, and if the funds in the pension plan get to the point where promised minimum benefits cannot be paid, is the city legally obligated to provide necessary funds to ensure that promised minimum benefits can be paid?
Your letter indicates that it is a local firefighter's pension plan which is at issue.
It is my opinion that the answer to this question is "no." There is a new 1995 act, however, which may provide some financial assistance to cities having difficulties fully financing their local fire and police pension plans.
Local firefighter's pension plans are governed by state statute. See
A.C.A. §§ 24-11-801—830 (1987 and Cum. Supp. 1993). This subchapter sets out the requirements for eligibility for a pension from a local fire department. It also provides at § 24-11-807 (Cum. Supp. 1993) in relevant part that:
 (b) Should the fund provided for in this subchapter be insufficient to make full payment of the amount of pensions to all persons entitled thereto, then the fund shall be prorated among those entitled by the proper authorities as may be deemed just and equitable.
* * *
 (d) For the purpose of determining how to prorate benefits, the proration shall be considered just and equitable if:
 (1) The board of trustees pays the full minimum benefit each month to all eligible beneficiaries until assets in the fund are depleted for the fiscal year, at which time all payments shall cease until revenues are received for the next fiscal year; or
 (2) The board of trustees decreases all payments to all eligible beneficiaries by an equal proportion for the fiscal year and does not allow the assets in the fund to become fully depleted.
State statutes thus provide for proration of the funds upon insufficiency. This office has opined in a similar context that the city is not under any obligation to make up the pension payments missed due to a shortage of funds, (see Op. Att'y Gen. 92-345), and, in fact, the opinion states that the statutes do not contemplate that these payments will be made up. It was suggested therein that if the shortages were chronic in nature, the city may be advised to find ways to increase the funding of the pension plan. This result, in my opinion, is also consistent with principles of contract law. It has been held that the law in existence at the time of the making of a contract becomes a part of it, as if it were expressly referred to and incorporated in its terms.McArthur v. Smallwood, 225 Ark. 328, 281 S.W.2d 428 (1955).
It is my opinion, therefore, that a city is not legally obligated to provide necessary funds to ensure that "promised minimum benefits" can be paid to the local fire pensioners. Act 1266 of 1995, however, may be utilized in some circumstances to provide financial assistance to cities in meeting the minimum payments. This act, which is retroactive to January 1, 1995 (see Act 1266 of 1995, § 7) creates the "Arkansas Fire and Police Pension Guarantee Fund," which is administered by the "Arkansas Fire and Police Pension Review Board." Moneys in this fund may be disbursed to local pension funds upon written application, if the assistance is approved by the Arkansas Fire and Police Pension Review Board, and if certain other conditions are met, including the condition that the local fund is receiving a dedicated millage of one mill.
The affected firefighters in your district may therefore wish to appeal to the local board of trustees to make written application for assistance from this fund if the city is not able to make payment of minimum pension benefits.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh